PER CURIAM.
This proceeding is before the Court for consideration of a referee’s report finding the respondent attorney guilty of professional misconduct and recommending a public reprimand. Neither party seeks review of the referee’s report.
The Florida Bar’s complaint, filed April 15,1987, charged respondent with violating the superseded Code of Professional Responsibility, Disciplinary Rule 5-104(A), which prohibited a lawyer’s entering into a business transaction with a client when they have differing interests and where the client expects the lawyer to exercise professional judgment for the protection of the client, except by consent after full disclosure. Respondent filed a conditional guilty plea admitting the violation on condition that the Bar and the referee would agree to recommend a public reprimand. The Bar agreed to the plea and asked for a public reprimand.
Quoting from the respondent’s conditional guilty plea, the referee found the facts of the case as follows:
Respondent was retained by a Mr. Joe Willie Lee (hereinafter referred to as Mr. Lee) on August 24, 1984. Respondent was to pursue a worker’s compensation claim resulting from an injury received by Mr. Lee in July of 1984. An initial benefit check was issued to Mr. Lee by the insurance carrier in October of 1984. Respondent informed his client that he would require $200.00 of that initial check. Mr. Lee gave Respondent the $200.00 requested. There was some dispute as to whether Respondent said he would discontinue representation unless he received the $200.00. It is also disputed as to whether the $200.00 was in the nature of a fee or a loan, and Respondent later came under inquiry by the judge handling the compensation claim. As a result of the court’s inquiry, Mr. Lee wrote a letter in January of 1985 to the Division of Workers’ Compensation. The letter stated that the $200.00 in question had been loaned by Mr. Lee to a third party as payment of that party’s bill owed to Respondent. Mr. Lee filed a complaint with The Florida Bar on February 18, 1985 concerning the loan of $200.00 and other fee matters. On March 14, 1985, in his response to The Florida Bar, Respondent characterized the $200.00 as a loan from Mr. Lee to himself. Respondent did not sign a promissory note or loan agreement, and no security was given for the loan. Respondent did not inform Mr. Lee of their differing interests before entering into the loan transaction, nor did Respondent advise Mr. Lee to seek legal advice from another attorney. Respondent informed his client on March 7, 1985, by letter, that a money order in the amount of $200.00 was available at his office to repay the loan. Mr. Lee went to Respondent’s office and retrieved the money order. Since the filing of the Bar’s Complaint, Respondent has tendered payment of interest in the amount of $6.97 to Mr. Lee. This amount represents interest at the rate of 15% on $200.00 from November 1984 through March 1985.
The referee found respondent guilty of violating Disciplinary Rule 5-104(A).
The referee recommends a public reprimand by personal appearance before the Board of Governors. The Florida Bar does not seek review of the referee’s report. We therefore approve the report and impose the recommended discipline. Respondent shall appear before the Board of Governors to receive a public reprimand.
The costs of this proceeding are taxed against the respondent. Judgment is entered against Merrill Carlton Tunsil in the amount of $609.85, for which sum let execution issue.
It is so ordered.
MCDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.